## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CE'MATIZEA ANDREWS, | ) | CASE NO. 1:23 CV 1666 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN TIM McCONAHAY, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

## Background

*Pro se* Petitioner Ce'Matizea Andrews has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. R. 1.  Petitioner is incarcerated in an Ohio penal institution, having been convicted pursuant to a guilty plea in 2020 in the Cuyahoga County Court of Common Pleas of involuntary manslaughter with firearm specifications and felonious assault. The trial court sentenced him to an aggregate prison term of 22 years on consecutive sentences.

Petitioner challenged his sentences on direct appeal, and the Ohio Court of Appeals affirmed his sentences.  *See State v. Andrews*, No. 110047, 2021 WL 2012257 (Ohio App. 8th Dist. May 20, 2021). In December 2021, Petitioner filed a motion for resentencing in the trial court, which was also denied, and the Ohio Court of Appeals subsequently affirmed this judgment by the trial court. *See State v. Andrews*, No. 111455, 2022 WL 17221265 (Ohio App. 8th Dist. Nov. 23, 2022).

Although his Petition is not entirely clear, in it, Petitioner again seeks to challenge his consecutive sentences and asks the Court for an order vacating his "involuntary manslaughter charges."  R. 1 at 15.  Petitioner has filed an application to proceed *in forma pauperis* (R. 2), as well as motions for appointment of counsel (R. 4) and to disqualify the prosecuting attorney (R. 5).  Petitioner's motion to proceed *in forma pauperis* is granted, and for the reasons stated below, his Petition is dismissed.

### Standard of Review and Discussion

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254, a district court is required to examine a habeas petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the district court must dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" habeas petitions that lack merit on their face).

It is apparent on the face of the Petition that Petitioner is not entitled to federal habeas corpus relief. Before a federal court may grant habeas relief to a state prisoner, the prisoner must demonstrate he exhausted the remedies available to him in state court. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).

Petitioner has not demonstrated he fully exhausted his state-court remedies. He indicates in his Petition that he pursued appeals in the Ohio Court of Appeals, but this is insufficient to demonstrate exhaustion. "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Petitioner does not represent that he sought review in the Ohio Supreme Court, the highest court in Ohio, as is required to demonstrate exhaustion.

## Conclusion

The Petition is dismissed pursuant to the Rule 4 of the Rules Governing § 2254 Cases, for the foregoing reasons. This dismissal is without prejudice to Petitioner's re-filing a petition in a new case demonstrating he has fully exhausted his state-court remedies. In light of this ruling, Petitioner's other pending motions (R. 4 and R. 5) are denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: March 30, 2024